## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

## CASE NO.:

VERNON FREEMAN,

        Plaintiff,

vs.

WILLIE A. WATKINS FUNERAL
HOME OF RIVERDALE, INC.

        Defendant.

_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, VERNON FREEMAN ("FREEMAN" OR "PLAINTIFF"), through counsel, sues Defendant, WILLIE A. WATKINS FUNERAL HOME OF RIVERDALE, INC. ("FUNERAL HOME" OR "DEFENDANT") and alleges the following:

1.      This is an action for damages brought under the Fair Labor Standards Act ("FLSA"). This Court has supplemental jurisdiction over the pendent state law contract claim pursuant to 28 U.S.C. §1367.

2.      Plaintiff resides in Atlanta, Georgia and is a past employee of Defendant.

3.      At all times material hereto, Defendant was a domestic for profit corporation engaged in the funeral home business, was licensed to transact business in the State of Georgia, conducted business in Atlanta, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

4.      At all times material hereto, Defendant was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was "Enterprise" as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more. In furtherance of said business, Defendant's employees including Plaintiff handled, or otherwise worked on goods or materials that have been moved in or produced for such commerce and further utilized equipment/tools which had also moved in interstate commerce in further of Defendant's business.

5.      In justifiable reliance upon Defendant's representations and promises, Plaintiff accepted employment and worked for Defendant as a funeral

home helper responsible for answering phones, cleaning, picking up and transporting corpses at an agreed hourly rate of $7.50 per hour.

6.    From about November 15, 2015 to November 30, 2015, Plaintiff worked 42.5 hours at the funeral home and an additional 12 hours picking up bodies.

7.    Plaintiff was supposed to be paid on December 2, 2015 and Defendant without justification failed to do so.

8.    After repeated efforts and demands, Defendant finally on our about December 10, 2015 paid Plaintiff with a $297.63 backdated check dated December 2, 2015 and which falls short of the $408.75 (i.e. for 54.5 hours worked) amount due and owing to Plaintiff.

9.    Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10.    Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

11.    Plaintiff reavers and realleges paragraphs 1-10 herein.

12.    Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i)

minimum wage, and (ii) liquidated damages pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13.     Plaintiff seeks recovery of damages as referenced above and further

seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §

216(b).

WHEREFORE, Plaintiff demands judgment against the Defendant plus

costs, reasonable attorney's fees, and such other remedy as the court deems just

and appropriate.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (PROMPT PAYMENT)

14.     Plaintiff reaver and reallege paragraphs 1-10 herein.

15.     The FLSA requires that Defendant pay Plaintiff a minimum wage per

hour. 29 U.S.C § 206(b).  The FLSA requires that the Defendant have

a regular pay period and make reasonably prompt payments for the

work performed in a pay period.  The failure to promptly pay wages to

Plaintiff constitutes a minimum wage violation under the FLSA and is

therefore entitled to liquidated damages for the total minimum wage

amount not timely paid.

16.     Defendant employed Plaintiff and failed to pay Plaintiff on payday

which was to be December 2, 2015.  Plaintiff did not receive payment

until on or about December 10, 2015 in violation of minimum wage laws under the FLSA.

WHEREFORE Plaintiff demands judgment in his favor against the Defendant to include liquidated damages and/or interest and reasonable attorney's fees and costs.

## COUNT III
## BREACH OF ORAL CONTRACT

17.    Plaintiff reavers and realleges paragraphs 1-10 herein.

18.    Plaintiff entered into an oral contract with Defendant for payment of wages.

19.    Plaintiff worked for Defendant and did not receive the compensation promised as Defendant arbitrarily reduced Plaintiff's pay for work and services provided by Plaintiff to Defendant.

20.    Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorney's fees and costs incurred pursuant to O.C.G.A. § 34-5-5 and any and all further relief this Court deems just and appropriate.

Respectfully submitted,

Loren Law Group
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone:          (954)585-4878
Facsimile:     (954)585-4886
E-Mail:         JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363