IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNON FREEMAN,

             Plaintiff,

      v.                                 1:16-cv-00377-WSD

WILLIE A. WATKINS FUNERAL
HOME OF RIVERDALE, INC.,

             Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Willie A. Watkins Funeral Home of Riverdale, Inc.'s ("Watkins") Motion to Dismiss for Failure to State a Claim, Lack of Subject Matter Jurisdiction, and Failure to Comply with the Pleading Requirements of Fed. R. Civ. P. 8 [5] ("Motion").

## I.    BACKGROUND

On February 8, 2016, Plaintiff Vernon Freeman ("Freeman") filed this action, claiming Watkins, a domestic for-profit corporation in the business of providing funeral-home services, violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), by failing to promptly pay Freeman his minimum wages (Counts One and Two).  (Compl. ¶ 1).  Freeman also asserted a breach-of-contract claim (Count Three) under 28 U.S.C. § 1367.  (Id.).

Freeman's Complaint alleges that he worked for Watkins as a funeral-home helper.  (Id. ¶ 5).  Freeman was responsible for various tasks at the funeral home, including "answering telephones, cleaning, [and] picking up and transporting corpses."  (Id.).

From about November 15, 2015, through November 30, 2015, Freeman "worked 42.5 hours at the funeral home and an additional 12 hours picking up bodies."  (Id. ¶ 6).  The agreed hourly pay was $7.50 per hour.  (Id. ¶ 5).

The Complaint further alleges that on December 2, 2015, Watkins was to pay Freeman but it "without justification failed to do so."  (Id. ¶ 7).  On or about December 10, 2015, "[a]fter repeated efforts and demands [by Freeman]," Watkins paid him $297.63, which was $111.12 less than he was owed.  (Id. ¶ 8).  Freeman seeks recovery of unpaid minimum wages, attorney's fees and cost, interest, and "liquidated damages" under §§ 206(b) and 216(b).  (Id. ¶¶ 13, 16, 20).

On April 22, 2016, Watkins moved to dismiss Freeman's Complaint, arguing that Freeman failed to state a claim, the Court lacks subject-matter jurisdiction, and the Complaint does not comply with the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure.  ([5]).  On May 11, 2016, Freeman filed his Response [10].

## II.    DISCUSSION

### A.    Motion to Dismiss for Lack of Subject-Matter Jurisdiction

#### 1.    Legal Standard

"Federal courts are courts of limited jurisdiction." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  They possess only that power authorized by the Constitution and conferred by Congress.  <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

A motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may be either a "facial" or "factual" attack.  <u>Morrison v. Amway Corp.</u>, 323 F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges subject-matter jurisdiction based on the allegations in a complaint, and the district court takes the allegations as true in deciding whether to grant the motion.  <u>Id.</u>

Factual attacks challenge subject-matter jurisdiction in fact.  <u>Id.</u>  When resolving a factual attack, the court may consider extrinsic evidence, such as testimony and affidavits.  <u>Id.</u>  In a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not apply.  <u>Scarfo v. Ginsberg</u>, 175 F.3d 957, 960-61 (11th Cir. 1999).  "[T]he trial court is

free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . .  [T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).  The plaintiff has the burden to prove that jurisdiction exists.  Elend v. Basham, 471 F.3d 1199, 1206 (11th Cir. 2006).

        2.    <u>Analysis</u>

The FLSA is "designed to protect workers from the twin evils of excessive work hours and substandard wages."  Howard v. City of Springfield, 274 F.3d 1141, 1148 (7th Cir. 2001).  The statute requires payment of minimum wages and gives employees deprived of these payments the right to receive them.  29 U.S.C. §§ 206, 216(b).  "[T]he requirements to state a claim of a FLSA violation are quite straightforward."  Sec'y of Labor v. Labbe, 319 F. App'x. 761, 763 (11th Cir. 2008); see also Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).  "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages."  Freeman v. Key Largo Volunteer

Fire & Rescue Dep't, Inc., 494 F. App'x 940, 942 (11th Cir. 2012) (citing Morgan, 551 F.3d at 1277 n.68).

Watkins claims the Court lacks subject-matter jurisdiction because Freeman's allegations "failed to meet the minimal elements of an FLSA claim from the outset." ([5.1] at 11). Watkins asserts that Freeman was an independent contractor and therefore a non-eligible employee under the FLSA. (Id. at 9; see also Decl. Reggie Eppinger [5.2] ¶ 2). Watkins also asserts that the Complaint contains only "conclusory allegations" that Watkins "is a business engaged in interstate commerce" or that Freeman performed tasks that "fell under interstate commerce." ([5.1] at 3; see also Decl. Reggie Eppinger [5.2] ¶ 6). In its Motion, Watkins presents factual attacks on the Court's jurisdiction.

In a FLSA case involving a factual attack on jurisdiction, the Rule 56 standard, not the Rule 12(b)(1) standard, must be applied.[1] See Turcios v. Delicias Hispanas Corp., 275 F. App'x 879, 882 (11th Cir. 2008); see also Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *2 (S.D. Fla. 2010). This is

---

[1]     Our Circuit has not addressed "whether, after Arbaugh v. Y & H Corporation, enterprise coverage is a jurisdictional prerequisite." Turcios, 275 F. App'x at 882 n.5 (citing Arbaugh v. Y & H Corporation, 546 U.S. 500 (2006)). Here, the Court treats Watkins's challenge to enterprise coverage as an attack on the merits of the case. See also Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) (treating this issue as "an element of the claim").

because "the sections of the FLSA that provide the substantive relief, §§ 206 and 207, are intertwined with and dependent on the section of the FLSA that defines the scope of the FLSA, § 203." Turcios, 275 F. App'x at 882.  To engage in a Rule 12(b)(1) analysis at this stage of the proceeding would be inappropriate.[2]

      B.     Motion to Dismiss for Failure to State a Claim

          1.     Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  The court is not required to accept as true conclusory allegations or legal conclusions.  See

---

[2]     Although Watkins has provided an affidavit in support of its motion to dismiss, Watkins has not sought summary judgment in the alternative, and the Court declines to convert Watkins's motion to dismiss to a motion for summary judgment.  Summary judgment analysis at this junction of the proceeding would be premature because there has not been any discovery.

Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

(construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly,

550 U.S. 544 (2007)); see Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263

(11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or

legal conclusions masquerading as facts will not prevent dismissal."  (quoting

Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)

(internal quotation marks omitted))).

　　　"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 570 (2007)).  Mere "labels and conclusions" are insufficient.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting

Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] [plaintiff's]

claims across the line from conceivable to plausible."  Id. at 1289 (quoting

Twombly, 550 U.S. at 570).

2.   <u>Analysis</u>

Freeman's Complaint alleges two counts of FLSA violations: the failure to

pay minimum wages (Count One) and the failure to make reasonably prompt

payment (Count Two).[3]  To adequately plead these claims, Freeman must

demonstrate that (1) he was employed by Watkins, (2) Watkins engaged in

interstate commerce, and (3) Watkins failed to pay him minimum wages.[4]

See <u>Freeman</u>, 494 F. App'x at 942.  Watkins asserts, and the Court agrees, that the

Complaint does not allege sufficient factual matter to support enterprise coverage

under the FLSA.[5]

---

[3]      Freeman also alleged a state law breach-of-contract claim (Count Three).

[4]      "Although the FLSA specifies no time within which wages must be paid, liquidated damages may be available if the employer fails to pay wages or overtime on the regular payment date."  <u>Benavides v. Miami Atlanta Airfreight, Inc.</u>, 322 F. App'x 746, 747 (11th Cir. 2009) (citing <u>Atlantic Co. v. Broughton</u>, 146 F.2d 480, 482 (5th Cir.1945)); <u>Arroyave v. Rossi</u>, 296 F. App'x 835, 836 (11th Cir. 2008) (same).

[5]      Watkins also asserts that Freeman is not covered under the FLSA because Freeman was an independent contractor.  Under Rule 12(b)(6), the Court's analysis is limited to the four corners of the complaint, and Watkins's factual argument regarding Freeman's employment status is outside the scope of what the Court may consider on a motion to dismiss under Rule 12(b)(6).  <u>See Ceant v. Aventura Limousine & Transp. Serv., Inc.</u>, 874 F. Supp. 2d 1373, 1383 (S.D. Fla. 2012).

With respect to enterprise coverage,[6] a business must have "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." Polycarpe v. E & S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (citing 29 U.S.C. § 203(s)(1)(A)). "The inquiry for enterprise coverage under the FLSA is whether the 'goods' or 'materials' [handled, sold, or otherwise worked on by the employees] were in the past produced in or moved interstate, not whether they were most recently purchased intrastate." Polycarpe, 616 F.3d at 1228. In assessing whether enterprise coverage exists, a plaintiff should allege the basis for a defendant's enterprise coverage so the district court may "decide whether the items evidenced by Plaintiffs were produced in or moved interstate and, if so, whether enterprise coverage exists under the handling clause because those items count as 'goods' (not subject to the ultimate-consumer exception) or as 'materials.'" See id.; see also Tapia v. Fla. Cleanex, Inc., 422 F. App'x 787,

---

[6]     There are two possible types of FLSA coverage. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298-99 (11th Cir. 2011). First, an employee may claim "individual coverage" if the employee regularly and directly participates in the actual movement of persons or things in interstate commerce. Id. Second, an employee may claim "enterprise coverage" if his employer (1) is in an enterprise engaged in commerce or in the production of goods for commerce and (2) has gross volume sales or business of at least $5000,000 annually. Id.

788-89 (11th Cir. 2011) (action remanded to district court where no factual findings were made regarding what goods or materials were the basis for a claim of enterprise coverage and defendant challenged the existence of enterprise coverage).

With regard to Freeman's claim of enterprise-coverage liability, the Complaint alleges:

1.   Defendant "engaged in the funeral home business." (Compl. ¶ 3).

2.   Defendant "engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more." (Id.).

3.   Defendant "was 'Enterprise' as it along with its employees was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more." (Id. ¶ 4).

4.   "Defendant's employees including Plaintiff handled, or otherwise worked on goods or materials that have been moved in or produced for such commerce and further utilized equipment/tools which had also moved in interstate commerce in further of Defendant's business." (Id.).

The Court finds that these allegations are merely legal conclusions because they merely recite the legal standard.  See Perez v. Muab, Inc., 2011 WL 845818, at *2 (S.D. Fla. Mar. 7, 2011); Lussi v. Design-Build & Eng'g, Inc., 2010 WL 1571158, at *2-*3 (S.D. Fla. 2010); De Lotta v. Dezenzo's Italian Rest., Inc., 2009 WL 4349806, at *2-*4 (M.D. Fla. 2009).  The Complaint provides no factual

allegations about the "goods or materials" or the "equipment/tools" or how they are related to interstate commerce.  See Rivera v. Deer Run Realty & Mgmt., Inc., 2015 WL 4878681, at *5 (M.D. Fla. 2015) ("It is insufficient to merely allege . . . that [defendant] is 'an enterprise engaged in the production of goods for commerce' and not state what the 'goods' are that it produces or how these goods are connected to interstate commerce."); Pardue v. Specialty Eng'g Consultants, Inc., 85 F. Supp. 3d 1347, 1350 (S.D. Fla. 2015) ("Aside from stating the nature of his work and the nature of [defendants'] business, [plaintiff] must provide only straightforward allegations connecting that work to interstate commerce.").  As a result, dismissal is required.[7]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim, Lack of Subject Matter Jurisdiction, and Failure to Comply with the Pleading Requirements of Fed. R. Civ. P. 8 is **GRANTED.**

---

[7]    The remaining claim (Count Three) involves only state law causes of action. Our Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam).  Having dismissed Freeman's FLSA claims, which provide the Court with its original jurisdiction, the Court declines to maintain supplemental jurisdiction over Freeman's state claim.

**SO ORDERED** this 5th day of January, 2017.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE