IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VERNON FREEMAN,

        **Plaintiff,**

v.

WILLIE A. WATKINS FUNERAL
HOME OF RIVERDALE, INC.,

        **Defendant.**

1:16-cv-00377-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Vernon Freeman's ("Plaintiff") Motion for Leave to Amend Complaint [13] ("Motion").

**I.    BACKGROUND**

On February 8, 2016, Plaintiff filed his Complaint [1], claiming Defendant Willie A. Watkins Funeral Home of Riverdale, Inc., a domestic for-profit corporation in the business of providing funeral-home services, violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), by failing to promptly pay Plaintiff his minimum wages (Counts One and Two). (Compl. [1] ¶ 1). Plaintiff also asserted a breach-of-contract claim (Count Three). (Id.).

On April 22, 2016, Defendant moved to dismiss Plaintiff's Complaint, arguing that Plaintiff failed to state a claim, that the Court lacks subject-matter

jurisdiction, and that the Complaint does not comply with the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure. ([5]).

On January 5, 2017, the Court granted Defendant's motion, and on January 6, 2017, judgment was entered, and the action was dismissed. ([11], [12]).

On January 12, 2017, Plaintiff filed his Motion [13].

## II.  DISCUSSION

### A.  Legal Standard

After a complaint is dismissed, the right to amend under Rule 15(a) terminates. Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984); Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings before judgment is entered."); U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) ("Fed. R. Civ. P. 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant."). "Post-judgment, the Plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or rule 60(b)(6)." McInteer, 470 F.3d at 1361 n.22. Grounds for granting a Rule 59 motion consist of (1) newly-discovered evidence or (2) correcting manifest errors of law or fact. Jacobs, 626 F.3d at 1344. A Rule 59(e) motion may not be used to "relitigate old

matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Frantz v. Walled, 513 Fed. Appx. 815, 822 (11th Cir. 2013). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions are typically denied." 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995).

B.  Analysis

Plaintiff asserts that, "in light of the liberal policy of allowing for amendments, . . . motions for leave to amend complaints should be liberally granted when necessary in the interests of justice."[1] ([13] at 3). Plaintiff's motion fails because Rule 15 is not applicable after the action has been dismissed. See Czeremcha, 724 F.2d at 1556. Plaintiff, instead, must first show reopening the

---

[1]  Plaintiff asserts that the Court's order "did not provide Plaintiff with the opportunity to amend his complaint." ([13] at 2). It is well settled that a district court "is not required to grant plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend [ ]or requested leave to amend before the district court." U.S. ex rel. Sanchez v. Lymphatx, Inc., 596 F.3d 1300, 1303 (11th Cir. 2010) (citation omitted); see also Novoneuron Inc. v. Addiction Research Inst., Inc., 326 F. App'x 505 (11th Cir. 2009) ("[Plaintiff] had the benefit of counsel, but did not request leave to further amend its complaint. Instead, it filed a response to the [Defendants]' motion to dismiss. The district court was not obligated to sua sponte grant [Plaintiff] leave to amend."); Quinlan v. Personal Transport Services Co., 2009 WL 1564134, *2 (11th Cir. June 5, 2009) ("[W]e never have stated that a district court sua sponte must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice.").

case is appropriate pursuant to Rule 59(e).  Pittman v. Alabama Dep't of Pub. Safety, Civ. A. No. 12-0347-WS-C, 2012 WL 4760864, at *2 (S.D. Ala. Oct. 4, 2012) ("Rather than invoking the well-worn proposition that leave to amend is freely given in the interests of justice, [Plaintiff] must first show that reopen[ing] is appropriate pursuant to Rule 59(e), and that the interests favoring reopen[ing] outweigh competing considerations of protecting the finality of judgments and the expeditious termination of litigation.").

Because Plaintiff must first file a motion under Rule 59(e), the Court construes Plaintiff's Motion as a Rule 59(e) motion for reconsideration of the Court's dismissal order.  "A party may move for reconsideration only when one of the following has occurred: 'an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice.'"  Vidinliev v. Carey Int'l, Inc., No. 1:07-CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008).  Plaintiff does not assert any of these discrete categories that might permit reconsideration of the Court's January 5, 2017, Order.  Because Plaintiff has not satisfied that standard, the Court denies Plaintiff's Motion.  See Pittman, 2012 WL 4760864, at *2; see also In re Owens, 483 B.R. 262, 267 (Bankr. N.D. Ga. 2012).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [13] is **DENIED.**

**SO ORDERED** this 3rd day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE